UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA YOUNG,

    Plaintiff,

v.                                                    CASE NO.: 8:22-cv-329-SCB-AEP

COMMUNITY HEALTH SYSTEMS,
INC., CHS/COMMUNITY HEALTH
SYSTEMS, INC. CHSPC, LLC,
HERNANDO HMA, LLC d/b/a
BRAVERA HEALTH BROOKSVILLE,
and JOHN DOES 1-5,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** comes before the Court on Defendant Community Health Systems, Inc.'s ("CHSI") Motion to Dismiss For Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction, and Failure to State a Claim. (Doc. 45). Plaintiff, Patricia Young, filed a Response in Opposition. (Doc. 59). CHSI, with leave of Court, filed a Reply to Plaintiff's Response. (Doc. 83). For the reasons that follow, CHSI's motion is due to be granted.

### I. BACKGROUND

Plaintiff's Second Amended Class Action Complaint ("the Complaint")

alleged two causes of action against CHSI and three other defendants, Hernando HMA, LLC d/b/a Bravera Health Brooksville ("the Hospital"), CHS/Community Health Systems, Inc. ("CHS/CHSI"), and CHSPC, LLC ("PSC"), on behalf of Plaintiff and all others similarly situated for a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.201, *et seq.*, Florida Statutes (Count I) and for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(Count II).[1] Plaintiff brought this action on behalf of herself and a class of all other persons similarly situated beginning five years prior to the filing of her original complaint and continuing through the date the notice is issued to the class.

    Plaintiff, a resident of Hernando County, Florida, alleged she was in a bicycle accident and visited the emergency room ("ER") at the Hospital for evaluation and treatment on February 18, 2019. She alleged the Hospital charged her an undisclosed "ER Visitation Fee" ("the ER fee" or "the fee") in the amount of $3,922.68 in addition to the bill for services rendered during her ER visit in the amount of $3,620.96. She alleged the fee is concealed from all patients presenting for treatment at the Hospital's ER until after services have been rendered. Plaintiff

---

[1] The Complaint asserted a third cause of action against the Hospital only for breach of contract.

alleged that the Hospital's standard ER "Consent for Service Agreement," ("the Contract") which is routinely provided to ER patients, and which contains a financial responsibility provision covering the payment of a patient's account, does not contain a specific contractual authorization or agreement for the ER patient to pay the subject ER fee. Plaintiff brought this lawsuit not only against the Hospital, but also against CHS/CHSI and PSC, as alter egos (or affiliated companies) of the Hospital, and CHSI, as the parent company of the Hospital, all of whom allegedly exercise control over the Hospital's pricing and billing.

On September 16, 2022, the Court granted motions to dismiss filed by the Hospital (Doc. 44), CHS/CHSI (Doc. 46), and PSC (Doc. 47), pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismissed this case with prejudice as to those Defendants. (Doc. 75). In doing so, this Court found that the Complaint failed as a matter of law to state any claim on which relief could be granted. (*Id.*).

Defendant CHSI had filed the instant independent motion to dismiss, raising lack of personal jurisdiction while also joining in the Hospital's motion to dismiss, on May 13, 2022. (Doc. 45). On July 29, 2022, this Court, in an abundance of caution, granted a motion filed by Plaintiff for jurisdictional discovery and allowed Plaintiff to serve limited jurisdictional discovery on CHSI, to be completed by October 27, 2022. (Doc. 70). On October 28, 2022, CHSI filed a notice with the

Court that such discovery had been completed. (Doc. 78). CHSI's motion to dismiss is, therefore, ripe for review.

## II. DISCUSSION

This Court, having carefully considered the parties' submissions, finds that CHSI's motion to dismiss must be granted for the same reasons that Defendants Hospital, CHS/CHSI, and PSC's motions to dismiss were granted and that this case should likewise be dismissed with prejudice as to CHSI. The Complaint fails to state claims on which relief can be granted against CHSI, as with the other Defendants, under the FDUTPA or the Federal Declaratory Judgment Act (Counts I and II). This Court's analysis in that regard applies equally to all Defendants. As such, the Order entered by this Court on September 16, 2022, granting Defendants Hospital, CHS/CHSI, and PSC's motions to dismiss (Docs. 44, 46, 47) and dismissing this case with prejudice as to those Defendants is herein adopted and incorporated by reference as it applies to Defendant CHSI. (*See* Doc. 75, attached as an exhibit to this Order).

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

1. Defendant Community Health Systems, Inc.'s Motion to Dismiss For Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction and Failure to State a Claim (Doc. 45) is **GRANTED**.

2. This case is **DISMISSED WITH PREJUDICE** as to Defendant Community Health Systems, Inc..

3. The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of November, 2022.

SUSAN C. BUCKLEW
United States District Judge